**UNITED STATES**

v.

**Richard Joseph BYSTRZYCKI, 250 23 7603, Seaman Recruit (E–1), U. S. Navy.**

**NCM 79 0549.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Oct. 1978.

Decided 18 Oct. 1979.

LT Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

BAUM, Senior Judge:

Appellant, who absented himself from trial after arraignment, has asserted, among other things, that the military judge erred by continuing with the trial in his absence. The judge, before proceeding with the trial, determined, in accordance with paragraph 11c, *Manual for Courts-Martial, 1969 (Rev.)*, that appellant's absence was unauthorized and voluntary. Despite this satisfaction of the *Manual* rule, appellant contends that further proceedings were erroneous because he had not been informed by the judge that the trial could continue in his absence and that, therefore, his absence did not constitute an intentional relinquishment or abandonment of a known right, as required by *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in order to be an effective waiver.

This precise assertion was addressed and rejected by the Supreme Court of the United States in *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973),

a case in which trial was held in an accused's absence pursuant to Rule 43 of the Federal Rules of Criminal Procedure, the civilian counterpart to the *Manual's* paragraph 11c. Interestingly enough, the Army Court of Military Review, in an opinion authored by the Honorable Matthew O'Donnell, reached the same conclusion in *United States v. Allison*, 47 C.M.R. 968 (A.C.M.R. 1973), almost a month before the Supreme Court's action. We find these decisions dispositive of appellant's first assignment of error. His remaining assignments of error are also rejected.

The findings of guilty and sentence approved below are affirmed.

Judge PRICE and Judge MICHEL concur.