**UNITED STATES**

v.

**Rickie Lee BROWN, 448 50 3998, Fireman Apprentice (E–2), U. S. Navy.**

**NMCM 80 2438.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Feb. 1980.

Decided 30 Nov. 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

---

1. I.e., a board convened under Paragraph 121, *Manual for Courts-Martial, 1969 (Rev.)*, to de-

BAUM, Senior Judge:

Appellant, over objection by his defense counsel, was tried *in absentia* by a general court-martial composed of officer members. The military judge entered a plea of not guilty on appellant's behalf to the Charge and specification alleging desertion and appellant was convicted of that offense. The Court then sentenced appellant to a bad-conduct discharge, total forfeitures and reduction to pay grade E–1, which has been approved by the convening authority. Before this Court, appellant has assigned two errors. We need address only the first one which challenges the judge's decision to proceed with the trial in appellant's absence.

The facts giving rise to the assignment of error are not complex. Appellant initially pled guilty to the offense of unauthorized absence, which was included within the allegation of desertion. During the inquiry into the providence of that plea, pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the military judge became concerned about the question of appellant's mental responsibility at the time of the offense and recessed the court. Prior to that recess he made the following statement:

MJ: Under the circumstances, I think there is some evidence that casts doubt upon the accused's mental condition at the time of the commission of this offense and I am going to suggest or recommend to the convening authority that a 121 Board [1] be convened. I will issue a written order, have it marked as an appellate exhibit and entered into the record and have both counsel given a copy of it. So, I will defer any further consideration of the providency of the accused's plea pending the disposition of this particular matter by the convening authority.

The court will recess.

(The court recessed at 1447 hours, 30 April 1979.)

---

termine the mental responsibility and capacity of the accused.

(The military judge directed that the "Summary of Conclusions" portion of the psychiatric evaluation be marked and attached as Appellate Exhibit IV–A and that the complete psychiatric evaluation report be sealed, marked and attached as Appellate Exhibit IV–B.)

The order in its entirety as issued by the judge in furtherance of his comments is attached as Appendix A to this opinion.

As can be seen from the judge's statement and his order, he did not set a specific date for the court to reconvene. In fact, the statement and the order can be interpreted as leaving open the possibility that the court would never meet again if the convening authority decided to dispose of the matter in some other manner. It is not clear from the order exactly what was required of the convening authority to reconvene the court once the medical board had completed action, but it is clear that the findings of the board were to be provided to the convening authority and presumably action of some sort was to be taken by that officer depending on the board's report. In any event, when the court recessed on 30 April 1979 nothing was said to appellant about when the next session would be held or whether there was a requirement that he be present. Moreover, the judge did not advise appellant that if he voluntarily absented himself without authority, the trial could proceed in his absence. While this Court has held that an accused can be tried *in absentia,* despite not being informed by the judge that the trial could continue in his absence, *United States v. Bystrzycki,* 8 M.J. 540 (N.C.M.R.1979), we have not addressed the question of the effect of failure to inform an accused of the next trial date or even that another trial date is certain to be set at some future time. Here, not only did the judge fail to explain to appellant that the trial could continue without him, he also neglected to inform the appellant that the trial would definitely proceed to completion at some future date. In fact, as indicated, the judge left open the distinct possibility that the trial might be terminated depending on the results of appellant's mental examination. Furthermore, there is no showing in the record that appellant was ever informed by anyone after the recess that the trial would reconvene.

The court recessed on 30 April 1979, the judge's order was signed later that day, and the "Sanity Board" report was issued 24 May 1979. On 30 May 1979, appellant absented himself without authority. The court next met 8½ months later on 13 February 1980, without appellant's presence. After evidence was received on the issue of appellant's voluntary and unauthorized absence the trial proceeded, over defense's objection, to completion on 14 February 1980. The judge ruled that appellant's absence was both voluntary and unauthorized based on the evidence presented. That evidence, however, did not reflect that appellant was ever informed of the medical board findings or that trial would recommence. Moreover, there was no showing that the summary and conclusions of the "Sanity Board" were ever provided to the convening authority pursuant to the judge's order or that any action was taken by him after the board issued its report. Granted, the medical board found that appellant met the tests of mental responsibility and capacity to stand trial and presumably the convening authority, if informed of these findings, would have ordered that the trial continue, but there is no showing that the matter was ever presented to him for decision, nor is there evidence of what action was taken after the medical report was first issued. We are left to speculate on the reasons for the 8½ month delay in proceeding with the trial. The only thing bearing on this matter is the following statement by the judge:

During that providency inquiry, there appeared that there may have been some question, by the statements that [the accused] made, as to the possibility of a defense to that Charge, which is why I ordered a psychiatric examination.

Following that, after I had received the psychiatric examination, or about the same time I received the psychiatric examination report, I was informally advised that the accused was not available

for trial. Accordingly, I have not reconvened the court based upon that information. I have reconvened this court, at the request of the trial counsel to continue with the trial and I note that the accused is not present in court.

The record leaves us with unanswered questions as to whether appellant knew, or had reason to know, the trial would continue. This gap in the record prevents a finding of voluntary absence from trial. In this regard, we find this aspect of the case to be similar enough to *United States v. Peebles*, 3 M.J. 177 (C.M.A.1977), to preclude trying the appellant in his absence.[2]

Accordingly, the findings and sentence are set aside and the record is returned to the convening authority, who may order a rehearing upon appellant's return.

Judge ABERNATHY and Judge KERCHEVAL concur.

## APPENDIX A

## FINDINGS, RECOMMENDATIONS AND ORDER REGARDING PSYCHIATRIC EXAMINATION

### I

### FINDINGS

THIS COURT FINDS THAT evidence has been presented which reasonably tends to place in issue the mental responsibility of the accused at the time of the commission of the offenses charged.

### II

### RECOMMENDATION

IT IS, THEREFORE, THE RECOMMENDATION OF THIS COURT THAT the accused be examined by a Board of Medical Officers as provided by Paragraph 121, *Manual for Courts-Martial, 1969 (Rev.)*.

### III

### ORDER

IT IS HEREBY ORDERED:

1. THAT, if the accused is so examined, the standards for evaluation shall be those prescribed by the Court of Military Appeals in the case of *United States v. Frederick*, 3 M.J. 230 (C.M.A.1977), rather than those set forth in Paragraph 121, *Manual for Courts-Martial, 1969 (Rev.)*.

2. THAT the Report of the Board shall be prepared in two parts:

A. PART ONE shall contain only the findings of the Board. Such findings shall consist of answers to the following questions:

1) Was the accused suffering from a mental disease or defect at the time of the alleged offense?

2) If so, did he lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law as the result of that mental disease or defect?

3) Does the accused possess the necessary mental capacity to comprehend the proceedings against him and to intelligently conduct or participate in his own defense?

This part shall be provided to the trial judge, trial counsel, defense counsel, the convening authority.

B. PART TWO shall contain the complete Report of the Board. This part shall be submitted by the Board *directly to the judge* in a sealed envelope, either personally by a member of the Board or by registered mail.

3. THAT the following safeguards shall be adhered to in the conduct and report of the examination:

A. The examination shall be conducted only after the accused has been fully advised of his rights under Article 31 of the Uniform Code of Military Justice.

B. The accused shall be entitled to the presence of his counsel at the examination.

---

2. As Judge Cook stated in *Peebles*, 3 M.J. at 180, "The requirement that the appellant's absence be voluntary necessarily requires an informed and intentional choice in the matter, which, in turn, requires the appellant's knowledge of the trial date."

C. No statement made by the accused during the examination shall be admitted in evidence against him on the issue of his guilt unless first brought before the court by the defense or in proper examination of a witness after defense questioning pertaining to such statements.

D. Except under order by this Court, no information obtained during the examination shall be published in advance of its presentation to this Court in open session or the termination of trial, and no person examining the accused or participating in any way in the proceedings of the Board shall disclose or publish to any other person, including the trial counsel, the convening authority or their representatives, Part Two of the Report of the Board or the substance of any disclosure or statement made by the accused during the proceedings; provided, however, that:

1) Part Two of the Report of the Board may be made available to the defense counsel upon application to the trial judge.

2) If, upon examination of Part One of the Report of the Board, the convening authority considers it necessary to examine the full report (Part Two), he may instruct the trial counsel to make written application to the trial judge for Part Two of the Report, with notice of the same being given to the defense. If Part Two of the Report of the Board is furnished to the convening authority, the trial counsel, or their representatives, the use, either direct or derivative, of any disclosure of the accused contained in the Report will be subject to the same safeguards as the use of disclosures compelled under a grant of testimonial immunity and further prosecution will be subject to a showing substantially the same as that required by *United States v. Rivera*, 1 M.J. 107 (C.M.A.1975).

4. As provided by Paragraph 122 of the *Manual for Courts-Martial, 1969 (Rev.)*, no expert testimony of the question of mental responsibility may be offered by the defense, over objection of the trial counsel, unless and until the accused has submitted to examination by the Board of Medical Officers recommended by this Order.

5. The examination contemplated by this Order should be conducted in an expeditious manner consistent with thoroughness. The trial counsel will insure that a copy of this Order is provided to the Board.

Done at San Diego, California this 30th day of April, 1979.