UNITED STATES, Appellee,

v.

Daniel L. PEEBLES, Private First Class,
U. S. Army, Appellant.

No. 25,396.

CM 423670.

U. S. Court of Military Appeals.

June 27, 1977.

*Captain Sammy S. Knight* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel James Kucera, Lieutenant Colonel John R. Thornock, Major Joe D. Miller, Major Richard J. Goddard,* and *Captain Robert D. Jones.*

*Captain Gay M. Holmes* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr.,* and *Captain William C. Kirk.*

Opinion

COOK, Judge:

This case has a long history. The appellant was originally convicted by a general court-martial on March 28, 1970, of unpremeditated murder, larceny, and consummated assault with a dangerous weapon (five specifications) in violation of Articles 118, 121, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 918, 921, and 928, respectively. On July 13, 1971, the United

States Army Court of Military Review set aside the action of the convening authority and returned the case for a new review and action. The findings and sentence were approved by the second convening authority, and on February 22, 1972, the Court of Military Review affirmed his action. *United States v. Peebles,* 45 C.M.R. 406 (A.C.M.R.1972). However, this Court, in an opinion dated June 22, 1972, reversed that decision on the basis the appellant's pretrial statement was improperly admitted into evidence and authorized a rehearing. *United States v. Peebles,* 21 U.S.C.M.A. 466, 45 C.M.R. 240 (1972). Our mandate issued on July 5, 1972.

While this case was in the course of review, the appellant was convicted by another general court-martial on May 20, 1971, of escape from confinement and was sentenced to a dishonorable discharge and confinement at hard labor for 14 months. That conviction became final on February 25, 1972, and the sentence was ordered executed. As a result, the service of the sentence adjudged by the first court-martial was interrupted. *United States v. Bryant,* 12 U.S.C.M.A. 133, 30 C.M.R. 133 (1961). On March 13, 1972, pursuant to the sentence adjudged by the second court-martial, the appellant was dishonorably discharged. He completed his term of confinement as to the second sentence on April 26, 1972, and the service of the confinement adjudged by his original court-martial resumed the next day.

As authorized by our mandate in this case, the court-martial convening authority at Fort Leavenworth directed a rehearing on the charges involved in the original court-martial. They were referred to a general court-martial which convened on November 1, 1972. After arraignment, defense counsel moved to dismiss the charges on the ground that the appellant's discharge and completion of the confinement adjudged at the second court-martial divested the military of jurisdiction over him. This motion was granted by the military judge. However, on November 30, the court reconvened at the direction of the convening authority. The military judge indicated the convening authority had disagreed with his ruling, and, acceding to the convening authority's instructions, he reversed his earlier ruling on the motion to dismiss.[1] A tentative trial date was set for January 16, 1973, when the defense counsel expressed a desire to petition this Court for an injunction against further court-martial proceedings. Pursuant to a request by the defense counsel, the appellant was released from confinement on December 6, 1972, and was permitted to return to his home.

On February 1, 1973, the appellant filed a petition for extraordinary relief in this Court alleging a lack of jurisdiction. The jurisdictional question was resolved against the appellant, and an earlier order staying the court-martial proceedings was vacated. *Peebles v. Froehlke,* 22 U.S.C.M.A. 266, 46 C.M.R. 266 (1973). The court-martial reconvened on August 1, 1973. The appellant was not present. Defense counsel objected to the continuation of the proceedings in the appellant's absence, but the judge ruled that the appellant was voluntarily absent after arraignment, and he could, therefore, be tried in absentia. Appellant was convicted of unpremeditated murder (inherently dangerous act) and consummated assault with a dangerous weapon (five specifications),[2] and sentenced to confinement at hard labor for 10 years. The findings and sentence were approved by the convening authority and affirmed by the Court of Military Review.[3] *United States v. Peebles,*

---

1. Contrary to earlier decisions, this Court held in *United States v. Ware,* 1 M.J. 282 (1976), that a military judge is not required to accede to the determination of the convening authority reviewing a trial ruling granting a defense motion to dismiss that does not amount to a finding of not guilty. *See* Article 62(a), Uniform Code of Military Justice, 10 U.S.C. § 862(a).

2. A motion for a finding of not guilty was granted as to a charge of larceny.

3. The Secretary of the Army reduced the confinement to 8 years.

2 M.J. 404 (A.C.M.R.1975). We granted review to determine whether the appellant was properly tried in absentia.[4]

Paragraph 11c, Manual for Courts-Martial, United States, 1969 (Rev.), provides:

*Effect of voluntary absence from trial.* The accused's voluntary and unauthorized absence after the trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of the court, which may proceed with the trial to findings and sentence notwithstanding his absence. In such a case the accused, by his wrongful act, forfeits his right of confrontation.

This Court held in *United States v. Houghtaling,* 2 U.S.C.M.A. 230, 8 C.M.R. 30 (1953), that where an accused was arraigned and subsequently escaped from confinement, a trial in his absence was permissible.[5] Indeed, *Houghtaling* is consistent with Fed.R. Crim.P. 43 which permits trial of an accused when he voluntarily absents himself therefrom. *Accord, Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). However, as the Court noted in *United States v. Cook,* 20 U.S.C.M.A. 504, 43 C.M.R. 344 (1971), the mere absence of an accused did not warrant a finding of voluntariness where there was some evidence that the accused was suffering from a mental illness which could have caused his absence. Thus, *Cook* stands for the proposition that absence alone warrants a finding of voluntariness only where there are no circumstances indicating the contrary.

Turning to the facts of the present case, we note that the trial proceedings adjourned on November 30, 1972, but did not reconvene until August 1, 1973. During this period, the appellant was released from confinement and thereafter was not under the control of the military. The appellant submits the requirement in paragraph 11c, MCM, that his absence be unauthorized can never be satisfied under such circumstances, *i. e.,* the appellant must be absent without authority within the meaning of Articles 85 or 86, UCMJ, 10 U.S.C. §§ 885 or 886. I do not read this requirement of paragraph 11c in the manner urged by the appellant. Rather, as that term is concerned with an accused's obligation to be present for his trial, I perceive "unauthorized" to merely mean that no one in authority has excused him from the proceedings.

Nevertheless, appellant's absence must be voluntary as well as unauthorized. The record reflects that during the delay occasioned by the appellant's petition for extraordinary relief, the appellant was released from confinement and allowed to return to his home without any form of restraint. He was aware, however, of his obligation to return for this trial if his petition for extraordinary relief was resolved against him. During this period, the trial defense counsel requested that all communication with the appellant be made through him. However, the defense counsel lost contact with his client. The trial counsel asserted during the trial that he contacted the police authorities in appellant's hometown,[6] the appellant's last known employer, and attempted to locate the appellant's relatives and friends in an effort to notify the appellant of the date the case was scheduled for trial. The trial counsel was unsuccessful in these efforts. Additionally, the trial defense

---

4. The appellant's petition for a new trial was denied by the Court.

5. In this case, the appellant was arraigned at an Article 39(a) session convened pursuant to Court-Martial Convening Order # 10, dated September 1, 1972. The trial on the merits took place before a court-martial convened by Court-Martial Convening Order # 23, dated July 26, 1973. On appeal, the defense submits the arraignment of appellant did not survive the second court-martial convening order. Our

disposition of the case renders it unnecessary to resolve this issue.

6. We note that the appellant submitted a post-trial affidavit from the chief of police of his hometown which contradicted the statement of the trial counsel as to his contacts with the police department. The trial counsel, in turn, submitted an affidavit which supported his trial statements. Our disposition of the case moots any issue presented by the conflicting affidavits.

counsel sent a letter informing the appellant of the trial date to an address (post office box) provided by appellant, but he did not know if the appellant received the letter.

■ It is apparent from the aforementioned information that the record does not reflect the appellant was actually notified of the trial date. Although the defense counsel sent a letter to a specified address, this was during a period when he had lost contact with his client, and the trial counsel acknowledged that his own efforts were unsuccessful, too. Furthermore, the primary responsibility for notifying the parties concerned of the trial date rests with the trial counsel. Paragraph 44f(2), MCM. While the defense counsel requested that communications with the appellant be made through him, notice to the defense counsel is not sufficient where the appellant has not specifically granted his counsel the authority to waive his right to be present. *See United States v. Crutcher,* 405 F.2d 239 (2d Cir. 1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969); *Evans v. United States,* 284 F.2d 393 (6th Cir. 1960). *Cf. United States v. Larneard,* 3 M.J. 76 (C.M.A.1977). Furthermore, the appellant was never instructed by anyone involved in the proceedings to report any change in his residence or to keep someone advised of his location. While such a requirement may have been desirable, no obligation of this nature was imposed upon the appellant. Thus, there was no misconduct on his part in failing to notify the authorities of any change in his address. The requirement that the appellant's absence be voluntary necessarily requires an informed and intentional choice in the matter, which, in turn, requires the appellant's knowledge of the trial date. Appellant's knowledge of such date was not adequately demonstrated on the record. As the Court noted in *United States v. Staten,* 21 U.S.C.M.A. 493, 495–96, 45 C.M.R. 267, 270–71 (1972), the right of an accused "to be present during trial is fundamental" and I am unwilling to invoke a waiver of such right under the circumstances.

■ The parties have informed us that the appellant was returned to military control on April 15, 1974, and continuously confined until August 12, 1975, when he was released on parole. In view of the protracted nature of the proceedings, the appellant's discharge from the military, and the appellant's service of a substantial portion of the confinement, we deem it appropriate to terminate the proceedings. *See United States v. King,* 2 M.J. 4 (1976); *United States v. Robbins,* 18 U.S.C.M.A. 86, 39 C.M.R. 86 (1969); *United States v. Sheeks,* 16 U.S.C.M.A. 430, 37 C.M.R. 50 (1966).

The decision of the United States Army Court of Military Review is reversed, and the charges and their specifications are ordered dismissed.

Chief Judge FLETCHER concurs in the result.

PERRY, Judge (concurring in the result):

While a military accused has both a statutory[1] and a constitutional[2] right to be present during the conduct of his trial, he may waive this right through the unauthorized and voluntary absence from the proceedings after he has been arraigned. *United States v. Cook,* 20 U.S.C.M.A. 504, 43 C.M.R. 344 (1971). Paragraph 11c of the Manual for Courts-Martial, United States, 1969 (Rev.), provides:

The accused's voluntary and unauthorized absence after trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of the court, which may proceed with the trial to findings and sentence notwithstanding his absence. In such a case the accused, by his wrongful act, forfeits his right of confrontation.

This military practice is consistent with that prevailing in civilian federal courts. Fed.R.Crim.P. 43 after recognizing in sub-

1. Article 39(b), Uniform Code of Military Justice, 10 U.S.C. § 839(b).

2. U.S.Const. amend. V–VI.

section (a) the defendant's right to be present at all critical stages of proceedings against him, expressly notes a caveat to this principle in subsection (b):

. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

    (1) voluntarily absents himself after the trial has commenced (whether or not he ha[d] been informed by the court of his obligation to remain during the trial).

Thus, while in military courts there is the added requirement that the absence of the accused be unauthorized if trial is to proceed in absentia, both military and civilian federal court practice require the absence to have been a voluntary one on the part of the accused if trial is to proceed without him. *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *United States v. Cook, supra.*

While a court may not *presume* an accused's waiver of a constitutional right, *see United States v. Partlow,* 428 F.2d 814 (2nd Cir. 1970), it may draw an *inference* that his absence was voluntary—and, hence, his right to be present waived—by the facts of a given case, including the conduct of the accused. *See United States v. Tortora,* 464 F.2d 1202 (2nd Cir. 1972); *Phillips v. United States,* 334 F.2d 589 (9th Cir. 1964), *cert. denied,* 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965). For instance, it may be

inferred, sans evidence to the contrary,[3] that an accused who was present in court when the trial was recessed and who knew precisely when the proceedings were scheduled to resume, but who nonetheless is not present when court reconvenes at the designated time, is absent voluntarily. *See Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 249, 38 L.Ed.2d 150 (1973); *United States v. Marotta,* 518 F.2d 681 (9th Cir. 1975).

    I agree with Judge Cook that any inference that the appellant was voluntarily absent from the courtroom when the proceedings against him in the instant case resumed nearly 8 months after they had been continued for an unspecified period of time, is rebutted adequately by the facts and circumstances of record. *See Cureton v. United States,* 130 U.S.App.D.C. 22, 396 F.2d 671, 676 (1968), quoted with approval by the Supreme Court in *Taylor v. United States, supra,* 414 U.S. at 19 n. 3, 94 S.Ct. 249. As I am not convinced that this denial of the appellant's constitutional right to confrontation was harmless, *see United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975); *see also Wade v. United States,* 142 U.S.App.D.C. 356, 441 F.2d 1046 (1971), I am constrained to agree that reversal is required. Moreover, for the reasons stated by Judge Cook, I agree that dismissal of the charges is appropriate.[4]

---

3. *See United States v. Cook,* 20 U.S.C.M.A. 504, 43 C.M.R. 344 (1971).

4. In light of our disposition, I reach neither the question whether the appellant's absence was "unauthorized" within the meaning of para-

graph 11c, Manual for Courts-Martial, United States, 1969 (Rev.), nor the question whether the court which tried the appellant in absentia must have been the same court which arraigned him.