UNITED STATES

v.

**Senior Airman Froilan M. ABILAR, FR 553–49–0079, United States Air Force.**

**ACM 23498.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Jan. 1982.

Decided 30 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, and Major George D. Cato.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

In an attempt to combat the loss of government property at Clark Air Base, Republic of the Philippines, the Office of Special Investigations (OSI) began an undercover operation to stop the thefts and to identify the thieves. This investigation resulted in the accused being interviewed by OSI agents on 31 August 1981. After proper advisement of rights, the accused executed a written statement outlining his participation in the theft of military supplies.

### I

To resolve the accused's claim that he was improperly tried *in absentia,* a recitation of the events leading to his conviction is needed. The accused retained civilian counsel, a member of the Philippine bar, who represented him at the pre-trial investigation and arraignment on 20 November 1981. Although the parties agreed that 14 December would be the trial date, the trial did not commence until 11 January 1982. Both the Government and the accused asked for and received delays in starting the trial. When the trial began, the appointed military defense counsel was permitted to withdraw with the accused's permission, leaving the accused's representation to his civilian attorney, who moved to suppress the statement the accused had given the OSI on 31 August. After taking evidence on this issue, the military judge denied the motion. The trial was to reconvene on 13 January the trial judge having granted the accused a 24 hour delay. However, on 13 January civilian counsel did not appear but sent a physician's statement indicating the civilian attorney had suffered

"... a sudden attack of abdominal pain" and bed rest was recommended "... for a period of 3–5 days." That same date, 13 January, the convening authority appointed a military defense counsel to represent the accused. The trial was continued until 18 January. On 16 January civilian counsel asked that the trial be delayed until 2 February citing prior commitments for the intervening period. He stated he would not attend the accused's trial set for 18 January.

Civilian counsel did not appear on 18 January and the trial was again continued until 20 January to allow appointed military counsel additional time to prepare.

When the court reconvened on 20 January neither the accused nor his civilian attorney were present; the accused was represented by his military counsel. The record clearly established that the accused knew his trial was to begin at 0800 hours, 20 January. Inquiry by the court revealed the accused was not at work and not hospitalized. Nor was there any indication he was in custody of military law enforcement authorities. Further, he was not at home and his car was gone. There was some indication that he had left his house with three men at approximately 0600 hours that morning. See Mil.R.Evid. 104(a).

The Government moved that the accused be tried *in absentia* since his unauthorized and voluntary absence occurred subsequent to arraignment. *See* Manual for Courts-Martial, United States, 1969 (Rev.), para. 11 *c.* [hereinafter cited as MCM 1969 (Rev.)]. Trial defense counsel suggested that the accused's departure may have been involuntary, but when specifically asked by the trial judge, he did not object to the trial continuing in the accused's absence. Further, when given the opportunity he did not offer any evidence to explain the accused's absence.

Contrary to his pleas, the accused was convicted of larceny of government property in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The

approved sentence extends to a dishonorable discharge, confinement at hard labor for four years, forfeiture of $367.00 per month for 48 months, payment to the United States of a fine of $5,000.00, and further confinement at hard labor until said fine is paid but not more than two additional years, and reduction to airman basic.

Appellate counsel concede that the accused's absence from his trial was unauthorized, but argue there was no valid basis for a conclusion that it was voluntary. They maintain the circumstances of the accused's departure, i.e., being taken from his house by three men during the early morning hours, suggest the "spectre of kidnapping." Thus, in their view, there is no rationale to conclude the accused's absence was voluntary.

■ A military accused may waive his right to be present during his trial through an unauthorized and voluntary absence from the proceedings after he has been arraigned. *United States v. Ellison,* 13 M.J. 90 (C.M.A.1982); *United States v. Peebles,* 3 M.J. 177 (C.M.A.1977); *see United States v. Dean,* 13 M.J. 676, 678 n.1 (A.F.C.M.R. 1982). Paragraph 11c, MCM 1969 (Rev.) states:

> The accused's voluntary and unauthorized absence after trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of the court, which may proceed with the trial to findings and sentence notwithstanding his absence. In such a case the accused, by his wrongful act, forfeits his right of confrontation.

The military practice is consistent with the federal rule. Fed.R.Crim.P. 43. The rule, both military and federal, is intended to prevent the accused from defeating trials in progress by departure or flight. *Gaither v. United States,* 413 F.2d 1061 (D.C.Cir.1969). Additionally, when the trial judge designates a date for trial, the accused has an obligation to appear in court on that date. *United States v. Tortora,* 464 F.2d 1202 (2d Cir. 1972); *cert. denied,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1973).

Federal appellate courts have held that the defense has the burden of going forward and offering evidence to refute the inference that the absence was voluntary. *United States v. Marotta,* 518 F.2d 681 (9th Cir. 1975); *United States v. Parker,* 91 F.Supp. 996 (M.D.N.C.1950); aff'd, 184 F.2d 488 (4th Cir. 1950); *see also United States v. Cook,* 20 U.S.C.M.A. 504, 43 C.M.R. 344, 349 (1971) (Darden, J., dissenting); *United States v. Peebles, supra.* This is the position generally taken by the state courts. *State v. Goldsmith,* 542 P.2d 1098 (Ariz. 1975); *State v. Holland,* 430 A.2d 1263 (R.I. 1981); *People v. Semecal,* 264 Cal.App.2d 985, 69 Cal.Rptr. 761 (1969).

■ In our view the defense did not meet the burden of persuading the trial judge that the accused's absence was not voluntary. Further, we find it significant that the trial defense counsel did not object to the trial proceeding with the accused *in absentia* and, after being given the opportunity to do so, declined to present evidence on the involuntariness of the accused's absence. *See United States v. Martinez,* 604 F.2d 361 (5th Cir. 1979); *cert. denied,* 444 U.S. 1034, 100 S.Ct. 708, 62 L.Ed.2d 671 (1979); *see State v. Melendez,* 244 So.2d 137 (Fla.1971). The trial judge is not required to discover the accused's whereabouts. He need only make reasonable inquiries. *Haley v. State,* 40 Md.App. 349, 392 A.2d 551 (1978). This he did in the case before us. There was ample evidence from which the trial judge could conclude that the accused had voluntarily absented himself from his trial. In situations such as this, the trial judge must rely on what has transpired before him, his own judicial experience, and a certain measure of common sense and judgment. *State v. Harris,* 291 Or. 179, 630 P.2d 332 (1981). The accused was properly tried *in absentia.*

## II

■ The accused also contends the trial judge erred in denying a defense motion for a continuance until 2 February. A prior commitment of civilian defense counsel was the basis for the motion. This was at least

the fourth delay requested on behalf of the accused. Granting or denial of a continuance is within the sound discretion of the trial judge, and reversal is required only when there has been a clear abuse of that discretion. *United States v. Menoken,* 14 M.J. 10 (C.M.A.1982); *United States v. Thomson,* 3 M.J. 271 (C.M.A.1977); *United States v. Henry,* 1 M.J. 533 (A.F.C.M.R. 1975); *United States v. Johnson,* 12 M.J. 670 (A.C.M.R.1981). Additionally, whether or not the factual issues are simple or complex is something the trial judge may take into account when considering a request for continuance. *State v. Rastrom,* 261 A.2d 245 (Me.1970). In light of the procedural history and nature of this case, the military judge did not abuse his discretion by refusing to grant an additional continuance. *United States v. Brown,* 10 M.J. 635 (A.C.M. R.1980); *United States v. Miriani,* 422 F.2d 150 (6th Cir. 1970); *pet. denied,* 400 U.S. 843, 91 S.Ct. 86, 27 L.Ed.2d 78 (1970).

We have considered the remaining assigned errors and have resolved them adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

MILLER, Judge:

I concur in the result.

POWELL, Senior Judge, absent.