**UNITED STATES, Appellee,**

v.

**Staff Sergeant Michael A. YARN, 352–46–7702, United States Army, Appellant.**

**ACMR 9000951.**

U.S. Army Court of Military Review.

15 March 1991.

For Appellant: Major Michael J. Kelleher, JAGC, Captain Keith W. Sickendick, JAGC, USAR, Captain Holly K. Desmarais, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Maria C. Fernandez, JAGC, Captain Randy V. Cargill, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to the pleas entered on his behalf by the military judge, the appellant was convicted, *in absentia*, by a general court-martial composed of officer members of attempted kidnapping, escape from custody, assault and battery, and communication of a threat, in violation of Articles 80, 95, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 895, 928 and 934 (1982). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to Private E1.

Appellate defense counsel asserts that the appellant should not have been tried *in absentia* because the appellant did not have notice of the exact date that trial *actually* commenced. We disagree and affirm.

### I. Facts

The appellant, Sergeant Yarn, was present at a 6 February 1990 Article 39(a), UCMJ, session when he elected to be tried by officer members, elected to be defended by both his civilian defense counsel and detailed military counsel, and when he was arraigned. The military judge permitted the appellant to defer entry of pleas, and set a trial date of 8 and 9 March. He specifically elicited Sergeant Yarn's agreement to those dates. The military judge did not advise Sergeant Yarn of the consequences of voluntarily absenting himself from trial, possibly because the appellant was being held in pretrial confinement. That afternoon, while visiting his civilian defense counsel, Sergeant Yarn escaped from his escort.[1]

The military judge held an Article 39(a) session on 28 February, approximately one week prior to the scheduled trial date, to litigate the detailed defense counsel's motion regarding the withdrawal of the civilian defense counsel from the case.[2] At that hearing, the government presented evidence of Sergeant Yarn's escape from the custody of his escort. Of significance was the testimony of Sergeant Yarn's wife who testified that he had contacted her after his escape, and she had specifically told him that the trial would proceed in his absence.

---

1. Sergeant Yarn remained absent until mid-February 1991, one year later. He reappeared after briefs were filed by the appellate counsel in this case but prior to this decision. When his whereabouts became known, this court afforded him the opportunity to personally assert errors, and he chose to assert one error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We commend both the detailed trial defense counsel and the appellate defense counsel for their aggressive representations of their absent client.

2. Sergeant Yarn had expressed his dissatisfaction with the civilian defense counsel at their meeting on the day he fled. Further, Sergeant Yarn had been reluctant to pay the final installment of the civilian counsel's fee. Because of this failure to complete payment of the attorney's fee, the civilian counsel considered himself discharged from further representation. After hearing evidence and arguments on the issue, the military judge permitted the civilian counsel to withdraw. Civilian counsel took no further part in the trial, and the detailed defense counsel represented Sergeant Yarn during the remaining proceedings.

The trial did not proceed on 8 March as originally scheduled, but was postponed until 22 March at the specific request of the detailed defense counsel who needed additional time to prepare Sergeant Yarn's defense. When the trial reconvened on 22 March, the government presented unrebutted evidence that Sergeant Yarn did not appear at the courtroom on either 8 or 9 March.

## II. Law

 A military accused who voluntarily fails to appear at trial after having been arraigned may be tried *in absentia.* The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 804(b) [hereinafter R.C.M. 804(b)]; *United States v. Houghtaling,* 8 C.M.R. 30 (C.M.A.1953); *United States v. Cook,* 43 C.M.R. 344 (C.M.A.1971); *United States v. Peebles,* 3 M.J. 177 (C.M.A.1977); *United States v. Johnson,* 7 M.J. 396 (C.M.A.1979).

R.C.M. 804(b) discusses the authority to try an accused *in absentia.* In pertinent part, it provides:

(a) *Presence required.* The accused shall be present at the arraignment, the time of the plea, every stage of the trial including sessions conducted under Article 39(a), *voir dire* and challenges of members, the return of the findings, sentencing proceedings, and posttrial [sic] sessions, if any, except as otherwise provided by this rule.

(b) *Continued presence not required.* The further progress of the trial to and including the return of the findings and, if necessary, determination of a sentence shall not be prevented and the accused shall be considered to have waived the right to be present whenever an accused, initially present:

(1) Is voluntarily absent after arraignment (whether or not informed by the military judge of the obligation to remain during the trial).

The discussion accompanying R.C.M. 804, in pertinent part, states:

"Voluntary absence" means voluntary absence from trial. For an absence from court-martial proceedings to be voluntary, the accused must have known of the scheduled proceedings and intentionally missed them. For example, although an accused servicemember might voluntarily be absent without authority, this would not justify proceeding with a court-martial in the accused's absence unless the accused was aware that the court-martial would be held during the period of the absence.

\* \* \* \* \* \*

The prosecution has the burden to establish by a preponderance of the evidence that the accused's absence from trial is voluntary. Voluntariness may not be presumed, but it may be inferred, depending on the circumstances. For example, it may be inferred, in the absence of evidence to the contrary, that an accused who was present when the trial recessed and who knew when the proceedings were scheduled to resume, but who nonetheless is not present when court reconvenes at the designated time, is absent voluntarily.

Many military cases suggest that as a prerequisite to finding the accused's absence voluntary, the accused must know of the exact date that the trial will reconvene. *See, e.g., United States v. Abilar,* 14 M.J. 733, 734 (A.F.C.M.R.1982) (the reported facts seem to stress that the accused knew the exact time and date the trial was to begin; the court citing *United States v. Tortora,* 464 F.2d 1202 (2d Cir.), *cert. denied, sub. nom. Santoro v. United States,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972), in support), *pet. denied,* 15 M.J. 324 (C.M.A.1983). Indeed, a cursory reading of *United States v. Peebles,* 3 M.J. 177 (C.M.A.1977), a plurality opinion, would seem to indicate that the accused *must* be notified of the exact date that the trial reconvenes. However, a closer reading indicates that that is not what the case holds.

 R.C.M. 804 analysis at A21–40 indicates that sections (a) and (b) of the Rule are similar to sections (a) and (b) of Federal Rule of Criminal Procedure 43. *See also United States v. Ellison,* 13 M.J. 90 (C.M.A.1982). Proceeding in the voluntary absence of the accused does not raise a juris-

dictional issue. *See United States v. Walls,* 577 F.2d 690 (9th Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978); *United States v. Nelson,* 570 F.2d 258 (8th Cir.1978); *United States v. Taylor,* 562 F.2d 1345 (2d Cir.), *cert. denied, sub nom. Salley v. United States,* 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977).

An accused's voluntary absence from a noncapital trial coupled with his knowledge of his right to be present at every stage of the trial is sufficient to comply with Federal Rule of Criminal Procedure 43 and with the guarantees of the United States Constitution.[3] *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Diaz v. United States,* 223 U.S. 442, 445, 32 S.Ct. 250, 254, 56 L.Ed. 500 (1912).

 When the trial judge designates a trial date, an accused has an obligation to appear on that date. *Abilar,* 14 M.J. at 735. If the accused knows of the original trial date and that the trial will commence in his absence, this is sufficient to invoke knowing waiver. An accused's failure to know of the continued dates of his trial has been held to be directly attributable to his failure to keep in contact with the court and his attorney. *Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982). Absent extraordinary circumstances, an accused is deemed to have been advised of a trial date once it is communicated to his lawyer. *United States v. Sanchez,* 790 F.2d 245, 249 (2d Cir.), *cert. denied,* 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986); *accord, Diaz,* 223 U.S. at 442, 32 S.Ct. 250; *Smith v. Kelly,* 664 F.Supp. 131, 134 (S.D.N.Y. 1987).

Rule for Courts–Martial 804 is consistent with Federal Rule of Criminal Procedure 43 in that it requires nothing more than a voluntary absence after arraignment. Implicit in this voluntariness is a generalized knowledge of the right to be present.

### III. Decision

 At the outset, we find (as did the military judge) by a preponderance of the evidence that Sergeant Yarn's absence from trial following his escape from his escort on 6 February was voluntary. We also find that there is sufficient evidence of record to show that the appellant knew of his right to be present at his own trial and a trial would proceed in his absence.

We find no violation of Sergeant Yarn's constitutional rights or of R.C.M. 804. The military judge designated a trial date in Sergeant Yarn's presence and secured his agreement to that date. Sergeant Yarn did not appear on that date. We can find no requirement in military law or in logic that mandates that the trial must necessarily recommence on the date announced to an accused prior to his voluntary absence.

Regarding the 28 February Article 39(a) session, held *prior to* the trial date of 8–9 March communicated to Sergeant Yarn, we hold that he was on constructive notice of that date. Both the civilian and detailed defense counsel were present at this Article 39(a) session. Moreover, it was the detailed defense counsel who had requested the hearing to resolve the issue of Sergeant Yarn's representation at trial.[4]

Regarding the trial proceedings held *after* the originally-scheduled trial date, we likewise hold that Sergeant Yarn had constructive knowledge of that trial date. The continuance until 22 March was at the request of the detailed defense counsel. Sergeant Yarn's failure to know of the change in the trial date is directly attributable to his voluntary absence and to his failure to keep in contact with the court and with his detailed defense counsel.

The remaining assertions of error, including those asserted by the trial defense counsel on the appellant's behalf, and that asserted personally by Sergeant Yarn, are without merit.

---

**3.** We interpret the Supreme Court's opinions as requiring nothing more than a generalized knowledge, as opposed to actual knowledge.

**4.** Moreover, nothing that occurred at the Article 39(a) hearing was irreversible (*i.e.,* the appel-

lant, had he appeared for trial on 8–9 March or even on 22 March, could have reestablished his relationship with his civilian defense counsel and reasserted his right to that counsel).

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.