### UNITED STATES

v.

**Airman John A. MELANSON, FR 090–50–4650 United States Air Force.**

### ACM 23696.

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 July 1982.

Decided 25 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Alexander S. Nicholas and Captain Kevin A. Daugherty.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kathleen A. McGah, USAFR.

Before HODGSON, HEMINGWAY AND MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused's conviction for drug offenses rests basically on his confession and a search of his quarters based upon that confession. At trial and on appeal the accused contends his oral admissions to a criminal investigator were inadmissible because they were not the result of a voluntary and unfettered waiver of the right to remain silent. We disagree and affirm.

### I

After hearing evidence on the motion to suppress the confession the military judge made these findings of fact:

(1) On 18 January 1982, the accused was told to report to the Office of Special Investigations (OSI). While in the waiting room the accused overheard Special Agent Gonthier ask another agent if the film on Melanson (accused) was available; the other agent indicated that it was.

(2) Before beginning the interview Gonthier conducted a pat-down frisk of the accused for weapons;[1] the accused was told the purpose of the search. After the accused sat down, Gonthier exam-

·ined a strip of 35 mm film that was on the table. The accused concluded, as it was hoped he would, that this was the film earlier spoken of and which incriminated him in some way.

(3) After Gonthier fully advised the accused of his rights, the accused indicated he understood, he did not want counsel, and was willing to speak with Gonthier. He further understood he could stop the interview at any time.

(4) Because the accused believed that Gonthier knew all about his drug involvement, he made incriminating statements, and later consented to a search of his quarters. At no time did the accused request to leave the room or terminate the interview.

(5) The accused was in a custodial interrogation situation, but the interview was not coercive in nature; he was not handcuffed or otherwise restrained, and the questioning was conducted during the accused's normal duty hours.

(6) The accused knowingly, consciously and voluntarily waived his right to remain silent and his right to an attorney after he had been fully informed in this respect. While the accused was tricked into believing film existed placing him in an incriminating situation, his statements to Gonthier were fully voluntary. There was no real danger that the accused was induced to make a false statement.

The military judge denied the defense motion to suppress the accused's statement to Special Agent Gonthier and the evidence discovered on 18 January 1982 in the accused's quarters.

### II

The accused asserts that accepting, *arguendo*, he was fully advised of his *Miranda-Tempia* rights,[2] the "continuing charade" of referring to non-existing video tapes showing his alleged criminal activity eroded his will to remain silent. He urges

---

1. Gonthier testified he did this for his protection because in a previous interview the subject drew a knife and began waving it about.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

that the entire situation, i.e., being escorted to the OSI office by his first sergeant, being required to sit in the waiting room, being searched prior to the interview and being questioned in a small room, together with repeated references to incriminating video tapes that did not exist, was psychological pressure designed to insure that he answered questions. Thus his statement was involuntary and the military judge erred in allowing it into evidence. He maintains that *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requires a voluntary waiver of the right to remain silent and that the Government deceived him by pretending to have incriminating evidence when none existed. He asserts this deception tainted the resulting statement and made it involuntary.

Appellate government counsel counter by contending that an investigator's use of artifice or some other form of deception in an interrogation is permissible as long as the artifice is not likely to produce an untrue confession. *United States v. McKay,* 9 U.S. C.M.A. 527, 26 C.M.R. 307 (1958); *United States v. Davis,* 6 M.J. 874 (A.C.M.R.1979); *pet. denied,* 8 M.J. 234 (C.M.A.1980).

 The trial judge's assessment of the confession and surrounding circumstances are clearly supportable in both law and fact. A trick or artifice which has no tendency to produce a false confession is a permissible weapon in the interrogator's arsenal. The accused did not tell a falsehood when he informed Gonthier he had marijuana at his quarters and consented to a search. The military rule supporting the admissibility of a statement obtained by trick or artifice is followed in many federal and state jurisdictions. *Moore v. Hopper,* 389 F.Supp. 931 (D.C.Ga.1974) (misrepresentation that murder weapon had been found); *State v. Winters,* 27 Ariz.App. 508, 556 P.2d 809 (Ariz.1976) (police officer falsely stated that fingerprints found at a crime scene matched the accused); *Jones v. State,* 38 Md.App. 288, 380 A.2d 659 (Md. App.1977) (police officer created impression that accused's shoe prints had been identified at crime scene); *Wagner v. State,* 89

Wis.2d 70, 277 N.W.2d 849 (Wis.1979) (suspect falsely told that his fingerprint had been found on blood-covered knife); *see generally* 29 Am.Jur.2d *Evidence,* section 571.

 Accordingly, we hold that even where an investigator *falsely* tells an accused that his criminal activities have been recorded on film, the deceptive statement is insufficient to render the confession inadmissible if it was otherwise voluntary. The findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.