**UNITED STATES**

v.

**Sergeant Michael MATTHEWS, FR 257–92–9998 United States Air Force.**

**ACM S26568.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Sept. 1984.

Decided 21 Nov. 1984.

Before FORAY, SNYDER, and O'HAIR, Appellate Military Judges.

DECISION

PER CURIAM:

The accused was tried and convicted by a special court-martial of offenses in violation of Articles 86, 90, and 91, U.C.M.J. 10 U.S.C. §§ 886, 890, 891. The sentence extends to a bad conduct discharge, confinement at hard labor for 4 months, forfeiture of $397.00 per month for 4 months, and reduction to the grade of airman basic.

The accused was arraigned on 16 August 1984. After arraignment, the military judge advised the accused that before he would receive the accused's pleas, he would consider any motions to dismiss any charge or to grant other relief that the accused may have. Counsel for the accused then moved for a continuance of the case until 11 September 1984, which the military judge allowed.

The court-martial ultimately reconvened on 20 September 1984 without the presence of the accused. The military judge determined that the absence of the accused after his arraignment was a "voluntary absence." R.C.M. 804(b)(1). Trial proceedings continued in the absence of the accused through findings and sentence. A military accused waives his or her right to be present during his or her court-martial by an unauthorized and voluntary absence from the trial at any time after he or she has been arraigned. *United States v. Ellison*, 13 M.J. 90 (C.M.A.1982); *United States v. Abilar*, 14 M.J. 733 (A.F.C.M.R. 1982); R.C.M. 804(b)(1).

On 15 October 1984, substituted service of the accused's copy of the record of trial was made on his trial defense counsel. A statement included within the record of trial indicates that on the date of the substituted service, the accused was still in an unauthorized voluntary absence status.

R.C.M. 1104(b)(1)(C). When the record of trial was forwarded to The Judge Advocate General for review by this Court, one of the appendages was an Air Force Form 304, Request For Appellate Defense Counsel.* It is dated 21 September 1984 and contains neither an election by the accused as to such representation nor his signature. On 5 November 1984, upon inquiry made by appropriate authority, it was determined that the accused remained in an unauthorized voluntary absence status.

■ Pursuant to Article 70(c)(1), 10 U.S.C. §§ 820(c)(1), an accused shall be represented before this Court by appellate defense counsel when requested by him or her. See also R.C.M. 1202. The Article of the Code and implementing Manual for Courts-Martial provisions are silent as to procedures to be followed regarding an accused who is unavailable to make his election as to appellate representation on A.F. Form 304 because he or she is an unauthorized voluntary absentee. We would hold that such absence constitutes a waiver of the right to be represented by appellate defense counsel before this Court just as that absence waives the accused's right to be present at trial. *United States v. Ellison; United States v. Alibar*, both *supra.* To hold otherwise would be an anomaly.

We have examined the record of trial and conclude that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

---

* Counsel for an accused is responsible for preparing AF Form 304 for the accused's signature and submitting it to the trial counsel or an appropriate staff judge advocate immediately after sentence announcement. Air Force Regulation 111–1 (1 August 1984), Military Justice Guide, paragraph 8–1.