UNITED STATES, Appellee,

v.

Private (E–1) Kevin B. KADLEC, 101–60–1069, United States Army, Appellant.

SPCM 21835.

U.S. Army Court of Military Review.

29 April 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before O'ROARK, WOLD, and NAUGHTON, Appellate Military Judges.

OPINION OF THE COURT

O'ROARK, Chief Judge:

Appellant was tried by a military judge sitting as a special court-martial authorized to impose a bad-conduct discharge. Pursuant to his pleas, he was convicted of three specifications of absence without leave (AWOL) and one specification of wrongful possession of marijuana in violation of Arti-

cles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (Supp. II 1984), respectively. A pretrial agreement required the convening authority to suspend any portion of the adjudged sentence in excess of a bad-conduct discharge, confinement for four months and 15 days, partial forfeitures and reduction.

Appellant contends that the military judge erred in allowing defense counsel to concede the appropriateness of a punitive discharge without establishing on the record that appellant desired such a discharge. We disagree.

Appellant had previously been convicted of AWOL and wrongful possession of marijuana as well as disorderly conduct. At his first trial, he made a sworn statement asking for the opportunity to complete his term of service and earn an honorable discharge. His sentence included confinement, but not a punitive discharge. Five days after his release from confinement, appellant committed the first of several AWOL's which led to his current trial. The last two incidents of AWOL were terminated by apprehension.

At the trial now under review, appellant made unsworn statements in which he advanced several matters in extenuation and mitigation, but he did not ask for retention in the service. Conversely, neither did he state that he wanted a punitive discharge. The trial counsel then introduced an extract from the record of appellant's first trial containing appellant's plea for retention in the service. The trial counsel aggressively argued that appellant had already been given an opportunity to rehabilitate himself in the Army and now deserved to be punitively discharged. The defense argument which followed was apparently calculated to minimize confinement by conceding the appropriateness of a bad-conduct discharge:

And perhaps it might be appropriate to have him discharged from the service at this point so that he can go on in the civilian life and make whatever life he can out there. If he—he finds that he is not able to adapt to the military restrictions and rules.

The military judge did not inquire whether appellant agreed with his counsel's argument nor did he explain the consequences of a bad-conduct discharge to appellant.

The United States Court of Military Appeals has addressed defense arguments which concede the appropriateness of a punitive discharge under the rubric of effective representation by counsel.

The principles governing adequacy of representation in courts-martial are defined in *United States v. Jefferson*, 13 M.J. 1 (C.M.A.1982), and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *United States v. Scott*, 21 M.J. 889 (N.M.C.M.R.1986); *United States v. Davis*, 20 M.J. 1015 (A.C.M.R. 1985). Relief on the grounds of inadequate representation of counsel requires both a breach of professional competence and a "reasonable probability" of outcome-determinative prejudice. *Davis*, 20 M.J. at 1017–1018. In assessing counsel's performance, "we will not second-guess the strategic or tactical decisions made at trial by defense counsel" unless there is "inaction ... at a critical point where action is compelled by the situation." *Id.* at 1018–1019 (quoting *United States v. Rivas*, 3 M.J. 282, 288–289 (C.M.A.1977)). Under these criteria, appellant's claim is without merit because the choice of argument is a tactical decision in every case, appellant's attorney is presumed to have made the argument he judged most likely to succeed, and the facts show that a different argument was not "compelled by the situation" as a matter of trial tactics in the case at bar.

■ The United States Court of Military Appeals has, over and above the criteria enumerated in the preceding paragraph, given special consideration to the following factors in assessing the reasonableness of a defense counsel's decision to request or concede a punitive discharge:

a. Whether the maximum punishment included a dishonorable discharge, providing appellant with the motive of avoiding

this more onerous punishment by conceding a bad-conduct discharge. *United States v. McNally*, 16 M.J. 32, 33 (C.M.A. 1983).

b. Whether the offenses were so serious that a punitive discharge was highly likely. *United States v. Volmar*, 15 M.J. 339, 343 (C.M.A.1983).[1]

c. Whether the concession was integrated into the sentencing argument in a logical manner. *McNally*, 16 M.J. at 33; *Volmar*, 15 M.J. at 342.

d. Whether the objective of the argument (usually reduced confinement) justified the concession. *McNally*, 16 M.J. 32; *Volmar*, 15 M.J. 339.[2]

In summary, the Court has subjected counsel's tactical decisions in this area to more rigorous scrutiny than usual. It has done so to determine whether, under all the circumstances, the concession constituted a sensible "trade-off," taking into account the risks and the benefits reasonably to be expected.

■ Applying these criteria to the case at bar does not alter our conclusion that the defense counsel's tactics were reasonable. While it is true that the maximum punishment did not include a dishonorable discharge, appellant was subject to substantial confinement because of the limited protection afforded by the pretrial agreement. Counsel's argument was a cohesive petition for limited confinement with the specific objective of preventing appellant's transfer to the United States Army Correctional Activity at Fort Riley, Kansas.[3] Appellant's current offenses, while not gravely serious in themselves, were severely aggravated by his similar previous offenses, his return to military control as the result of apprehension on two occasions, and his rejection of his previous opportunity to reform. In our judgment, these factors combine to make the trial defense counsel's argument an eminently reasonable tactical choice.[4]

■ There is an additional principle which has been applied by the Court of Military Appeals to this class of cases, *i.e.*, that a sentence must be set aside if an accused wants to be retained in the service but his defense counsel has conceded the appropriateness of a punitive discharge. *Volmar*, 15 M.J. at 341. In effect, the military defendant has been given one more election to personally make in addition to the traditional determinations regarding counsel, forum, plea, and whether to testify. The desires of the accused regarding a punitive discharge compel an argument which is consistent with those desires. Thus there is no opportunity for deference to counsel's tactical or strategic choices in this area when they run counter to appellant's desires.

■ As a corollary of this principle, the trial judge is required, *sua sponte*, to advise the accused of the consequences of a punitive discharge and ascertain his desires when counsel has argued for a punitive discharge under circumstances in which it logically appears that such an argument is not in the accused's best interests. *McNally*, 16 M.J. at 33. The purpose of this

---

1. *Cf. United States v. Davenport*, 17 M.J. 242, 245 (C.M.A.1984); *United States v. Fort*, 36 C.M.R. 242, 245 (C.M.A.1966) (sentencing authority's predisposition against the retention of soldiers who stand convicted of certain crimes "is practically unavoidable.")

2. For example, Airman Volmar risked years of confinement, while Private McNally's pretrial agreement limited his confinement to 60 days.

3. Had the military judge sentenced appellant to the term of confinement urged by trial defense counsel, he would have served a total of only 52 days' confinement after credit for pretrial confinement. It is difficult to imagine a lighter sentence to confinement under the circumstances of this case.

4. Appellant's record of previous offenses was a particularly strong indicator of the likelihood of a punitive discharge in this case. While at one time a record of previous offenses may not have had such an effect, *see McNally*, 16 M.J. at 33, the situation in the United States Army has recently and drastically changed. It is now rare to find an accused with *any* record of previous convictions by court-martial, and a record of non-judicial punishments is widely regarded as evidence that an accused has little rehabilitative potential.

requirement is to provide assurance, *when there is cause for doubt,* that such elections are informed decisions and are made by the accused himself. When a defense counsel concedes the appropriateness of a punitive discharge, and the circumstances indicate that counsel's argument is not in the accused's best interests, and the record contains no affirmative statement by the accused that he concurs with his counsel's tactics, the Court of Military Appeals has looked to all the circumstances of the case for evidence verifying that the accused agrees with his counsel. *McNally,* 16 M.J. 32; *Volmar,* 15 M.J. at 341–42.[5]

In the case at bar, we find no reason to doubt appellant's personal concurrence in his counsel's argument or to doubt his understanding of the ramifications of a punitive discharge. Appellant's testimony at his first trial shows that he understood the probable effects of a punitive discharge. His failure to request retention at his second trial, when contrasted with his previous testimony, demonstrates recognition of the realities of his situation. Under the circumstances, it must have been as obvious to appellant as it is to us that the only practical course of action was to attempt to limit confinement by conceding a discharge. Since that conclusion must also have been obvious to the trial judge, we further conclude that there was no occasion for him to intervene.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge NAUGHTON concur.

---

**5.** The Court has given special attention to the character of the accused's prior service, *McNally,* 16 M.J. at 33, to any inferences to be drawn from the nature of the accused's participation at trial, *id.,* and to the presence or absence of a post-trial disavowal of counsel's tactics by the accused. *Id.* at 34; *Volmar,* 15 M.J. at 343.