UNITED STATES, Appellee,

v.

Staff Sergeant Thomas W. BUTTS, 283–54–1965, United States Army, Appellant.

ACMR 8601297.

U.S. Army Court of Military Review.

9 Oct. 1987.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC, Captain James J. McGroary, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain George R. Gillette, JAGC (on brief).

Before COKER, KENNETT and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Tried by a military judge sitting as a special court-martial, appellant was convicted, pursuant to his pleas, of three absences without authority of two, seven, and seven days and of making three false financial statements in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 934 [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, 100 days confinement, forfeiture of $250.00 pay per month for four months, and reduction to Private E-1. The convening authority dismissed the specifications alleging the making of false financial statements and approved a sentence of a bad-conduct discharge, confinement for three months, forfeiture of $250.00 pay per month for three months and reduction to Private E-1. His pretrial agreement provided that no sentence in excess of a bad-conduct discharge, confinement for three months, forfeitures of two-thirds pay per month for three months and reduction to Private E-1 would be approved. It also provided for approval of any lawful sentence if a bad-conduct discharge was not adjudged.

Appellant asserts the military judge erred by failing, *sua sponte*, to establish whether appellant desired a punitive discharge after the defense counsel argued for imposition of a bad-conduct discharge. Although the proper practice is for the military judge to conduct a specific inquiry of an appellant to ascertain his or her desires regarding a punitive discharge, we find no error under the facts of this case.

During the sentencing proceedings, evidence of a prior special court-martial conviction for failure to obey a lawful order in violation of Article 92, UCMJ, 10 U.S.C. § 892, was admitted. The adjudged sentence was reduction from the grade E-7 to the grade E-5. The convening authority, who was also the general court-martial convening authority, approved the sentence, but suspended for six months that portion of the reduction in excess of reduction to the grade E-6.

The defense presentation on sentencing consisted of the testimony of one witness and an unsworn statement by appellant. The witness, a Captain who had not supervised appellant for the year preceding the instant trial, testified that appellant "performed his tasks well" during the approximately eight months he worked for the witness. Appellant rated "between an 8 or 9" on a scale of "1 to 10 with 10 being the highest [score]." In his unsworn statement, appellant detailed the reasons for his absences without authority, which basically occurred because of family problems and appellant's severe drinking problem. His estranged wife and children were residing in Cincinnati, Ohio, where his terminally ill grandfather and sick father also resided. Additionally, one of appellant's children had a non-functioning kidney and appellant expressed concern over her lack of "medical benefits." Appellant asked the military judge to consider "what's happening in Cincinnati and afford me the opportunity to go home as soon as possible."

The military judge questioned the defense counsel about the alleged lack of

medical benefits, and was advised that appellant's family was "not too close to an Army facility," and that appellant's wife did not have sufficient funds to pay the "CHAMPUS deductible." The military judge contrasted appellant's concern about his family's medical benefits and apparent request for a short period of confinement so that he "can get back and take care of his family" with the judge's assumption that the family would be entitled to medical benefits while appellant was in post-trial confinement. The judge summarized his theory as follows: "... [A] lengthy confinement might help him to a certain extent than [sic] immediate discharge because he would no longer be entitled to medical benefits [upon discharge]." The defense counsel responded:

Well, again, *speaking on behalf of Sergeant Butts,* I think *if it came down to it,* he'd rather be with his family. Albeit, you do make a valid point, in terms of still having medical benefits, the longer he's in, the better. [Emphasis added.]

In his sentencing argument, the defense counsel stated, *inter alia,* that appellant had served fourteen years in the Army, and that a bad-conduct discharge would be "much more punitive in [appellant's] situation than it would be ... for a more junior member of the Army." Noting that appellant had been in pretrial confinement for sixty days, the defense counsel concluded his argument thusly:

I would ask you to very strongly consider, in that the bad conduct discharge is so punitive in this case, simply adjudging confinement for time served—for 60 days, and include a bad conduct discharge and simply let Sergeant Butts get on with his life. He has, by his own actions, admittedly may have caused himself a lot of suffering and I ask that you just let him get on with his life and put this behind him.

The military judge did not advise appellant of the adverse consequences of a bad-conduct discharge and did not ask appellant

whether he agreed with defense counsel's request for that discharge.

■ The issue on appeal is whether appellant agreed with his counsel's request for a bad-conduct discharge. Rather than requiring an appellate court to search through the record of trial for evidence of appellant's implied consent, *see United States v. Kadlec,* 22 M.J. 571 (A.C.M.R. 1986), we believe the military judge, upon hearing defense counsel's request, should have advised appellant of the adverse consequences of a bad-conduct discharge and asked appellant whether he desired that discharge. *See United States v. McNally,* 16 M.J. 32 (C.M.A.1983); *United States v. Kadlec, supra; United States v. Williams,* 21 M.J. 524, 527 n. 7 (A.C.M.R.1985), *petition denied,* 22 M.J. 82 (C.M.A.1986). As the military judge failed to obtain appellant's express consent to defense counsel's argument, we must attempt to find implied consent on the basis of the facts of record.

■ Under the circumstances of this case, we find "evidence verifying that ... [appellant] agree[d] with his counsel." *United States v. Kadlec,* 22 M.J. at 574. In his unsworn statement, appellant conceded that his "career" in the Army had been "ruined" by his actions. His concession is quite appropriate for a senior noncommissioned officer with convictions by two courts-martial. His evident desire was to "go home" to his family in Cincinnati "as soon as possible." Appellant listened to the military judge theorize that lengthy confinement would afford appellant's family certain medical benefits whereas "immediate discharge" would result in a cessation of those benefits. Appellant then listened to his counsel express, *on his behalf,* appellant's desire for a bad-conduct discharge in lieu of lengthy confinement.[1] Appellant's failure to request retention in the service "demonstrates recognition of the realities of his situation." *United States v. Kadlec,* 22 M.J. at 574. Accordingly, in view of the circumstances of this case and relying upon

---

1. We interpret counsel's statement "if it came down to it, he'd rather be with his family," to mean "if it came down to choosing between lengthy confinement during which his family

would receive medical benefits vis-a-vis an immediate bad-conduct discharge which would result in cessation of those benefits, appellant chooses the bad-conduct discharge."

**538**

the rationale of *Kadlec* and the cases cited therein, we find no error in the judge's failure to obtain appellant's express consent on the record to his counsel's request for a bad-conduct discharge. Nevertheless, notwithstanding the absence of a legal requirement for the judge to question an appellant when it logically appears that counsel's argument for a punitive discharge is in his client's best interests, *compare United States v. McNally, supra, with United States v. Volmar*, 15 M.J. 339 (C.M.A.1983), *we stress our strong preference* for action by the military judge to clarify an appellant's desires at trial so that issues of this nature will be nonexistent on appeal.

■ Assuming, *arguendo*, error by the military judge, we must determine the effect of that error in reassessing the sentence. Appellant's prior disciplinary record, coupled with the instant conviction, convinces us the military judge would have adjudged a bad-conduct discharge even had appellant asked for retention in the service and counsel argued for no punitive discharge. *See United States v. Sales*, 22 M.J. 305, 309 (C.M.A.1986).

■ The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record,[2] only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for three months, and reduction to Private E–1.

---

**2.** In a post-trial submission to the convening authority, the defense counsel requested that the bad-conduct discharge be approved, but that the adjudged confinement be reduced to seventy days. The convening authority, although dis-

missing one-half of the alleged offenses, reduced the sentence only in conformity with the pretrial agreement which had been negotiated on the basis of *all* alleged offenses.