UNITED STATES, Appellee,

v.

Specialist Four James E. TILLEY, Jr., 262–83–7451, United States Army, Appellant.

ACMR 8702515.

U.S. Army Court of Military Review.

20 July 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before HOLDAWAY, KANE and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

HOLDAWAY, Chief Judge:

In a trial before military judge alone, the appellant was convicted on 5 November 1987 by a special court-martial for failure to repair, absence without leave, disobedience of a noncommissioned officer, and violation of a general regulation. He was sentenced to 120 days confinement, forfeiture of two-thirds pay per month for four months, reduction to E–1, and a bad-conduct discharge. A pretrial agreement provided, *inter alia*, for a limitation of 90 days confinement. He was in fact never ordered into confinement, apparently because credit due for pretrial restraint amounted to 88 days.

The appellant was found to be absent without leave two days after trial and has not since returned to military control. Before leaving, he was advised of his appellate rights. According to his trial defense counsel, appellant may have executed the

form that lists the various appellate options. However, he took the form with him when he departed. There is no evidence, therefore, of his election regarding either appeal or representation. After action by the convening authority, the case was forwarded for review; the appellant was assigned appellate defense counsel in accordance with Army Regulation 27–13, Military Justice, Courts of Military Review Rules of Practice and Procedure, Rule 11(a)(3) which provides that where, as here, the appellant has neither (as far as we know) requested nor waived counsel, then counsel will be appointed for him subject to excusal by the appellant or by the court. Appointed counsel moved to hold the case in abeyance pending return of the appellant to military control. This motion was denied.

In the Assignment of Error [sic] and Brief on Behalf of Appellant, counsel now renew the request to hold the case in abeyance. The request is based on two basic grounds: (1) an inability to communicate with and thus enter into a true attorney-client relationship with the appellant, and (2) because of the appellant's "suicidal tendencies and bizarre conduct," the case should be held in abeyance "until it is established that he is alive and voluntarily absent." We reject both arguments. It is clear from the language of Articles 61 and 66 of the Uniform Code of Military Justice 10 U.S.C. §§ 861, 866 that unless the accused affirmatively and in writing waives appellate review, this case, involving as it does an approved punitive discharge, must be reviewed by this court. In this connection, we no doubt have the authority of The Judge Advocate General to appoint counsel under the circumstances of this case to ensure that an absent appellant's rights are protected. *Cf. United States v. Patterson,* 46 C.M.R. 157 (C.M.A.1973). In fact, as noted above, our rules so provide. We could of course, excuse counsel. We decline to do so.[1] Nor, under these circum-

---

1. We do not underestimate the importance of an attorney-client relationship. However, in an appellate review, limited as it is to a review of the record of trial, the importance of communication with a client is of less consequence than at

trial where strategies must be planned, decisions made, and evidence marshalled. In any event, the lesser of evils is to proceed with counsel, subject to counsel being discharged if

stances, are we willing to reduce counsel's role from an advocate for the appellant to amicus curiae.

The question remaining is whether the case must, or should, be held in abeyance until the appellant is returned to military control. The appellant was advised twice, once at trial and again after trial, of his appellate rights. He was also advised that his case would be reviewed by the Army Court of Military Review unless he affirmatively and in writing waived such review. At the time he absented himself, and we decline to speculate without any basis for so doing on the reasons for his absence, he was on notice that his case would be reviewed. There is no reason, logically or legally, that the review of the record cannot now take place. Judicial efficiency is not our sole, or even principal reason for proceeding. Simply put, no cogent reason has been advanced why review cannot proceed. Had we any doubt whatever that the appellant's presence was necessary to enable counsel and, ultimately, this court to discharge their respective duties adequately, we would abate the proceedings. We have no such doubt in this case.

■ The appellant also asserts that the military judge erred by failing *sua sponte* to establish on the record that appellant understood the effects of a bad-conduct discharge. We disagree. The appellant expressly testified that he wanted to be discharged from the Army. Further, in response to the military judge's inquiry, trial defense counsel stated that his sentencing argument for a bad-conduct discharge was based solely on the appellant's request. We conclude then, from the evidence of record, that the military judge had no duty to ask the appellant if he understood the consequences of a bad-conduct discharge. *See United States v. Kadlec,* 22 M.J. 571, 573–74 (A.C.M.R.1986); *see also United States v. Williams,* 21 M.J. 524, 527 (A.C.M.R.1985), *petition denied,* 22 M.J. 82 (C.M.A.1986).

We have carefully reviewed the entire record and the matters raised by counsel.

the appellant surfaces prior to completion of

The findings of guilty and sentence are affirmed.

Judge KANE and Judge CARMICHAEL concur.