**UNITED STATES, Appellee,**

v.

**Private E2 Dennis W. SINK, 237–80–5468, United States Army, Appellant.**

**ACMR 8702345.**

U.S. Army Court of Military Review.

8 Feb. 1989.

For Appellant: Colonel John T. Edwards, JAGC, Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

---

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

A general court-martial consisting of officer and enlisted members found the appellant, contrary to his pleas, guilty of conspiracy to wrongfully possess marijuana with the intent to distribute it, wrongful possession of marijuana with the intent to distribute it, and violation of a lawful general regulation by crossing the border between the Federal Republic of Germany and the Netherlands without a valid border instrument, in violation of Articles 81, 112a, and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 912a, and 892 (1982 & 1984 Supp.).

Following announcement of the findings, the court-martial recessed. Several days later, the court reconvened but the appellant was absent. After receiving evidence, the military judge found that the absence was voluntary. Accordingly, the trial could proceed. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 804(b)(1). The court-martial sentenced the absent appellant to a dishonorable discharge, confinement for ten years, total forfeiture of pay and allowances, and reduction to Private E1. The convening authority approved the sentence.

■ Appellate counsel has been appointed for the still-absent appellant, but that counsel contends that he is precluded from representing the appellant on appeal because he cannot establish an attorney-

client relationship with him and that the proceedings should be held in abeyance. We disagree. Article 70(c), UCMJ, 10 U.S.C. § 870(c), and R.C.M. 1202(b)(2) provide that appellate defense counsel shall represent the appellant before this court when requested or when the United States is represented by counsel.[1] This duty of representation can be met effectively in most cases without the appellant's knowledge or active participation. *See United States v. Palenius*, 2 M.J. 86, 92 (C.M.A.1977); *United States v. Tilley*, 26 M.J. 846, 847–848 n. 1 (A.C.M.R.1988) (since appellate review limited to review of record of trial, communication with client of less consequence). In our opinion, appellate defense counsel can carry out their duty of representation effectively in this case. Accordingly, the lack of documented advice to the appellant of this court's statutory review of his case, with its attendant right to counsel, does not mandate that we hold this review in abeyance pending the appellant's return from his voluntary absence.

■ We find that the errors assigned by appellate defense counsel are without merit. The military judge did not abuse his discretion in denying the challenge for cause of the court president. The record of nonjudicial punishment was admissible despite the appellant's failure on the form to indicate the method of his presentation of matters in defense, extenuation, or mitigation; the remainder of the form was filled out, to include that the battalion commander considered all matters presented in defense, extenuation, or mitigation. *Cf. United States v. Mack*, 9 M.J. 300, 325, n. 32 (C.M.A.1980) (if accused had not checked block indicating choice to appeal, but subsequent entries show that he appealed, the omission would not defeat admissibility).

■ Appellate defense counsel also noted four "potential assertions of error arising at trial," but did not brief them. We

1. We read these rules to require appointment of appellate counsel, regardless of failure of the appellant to request counsel, a position contrary to that of the distinguished Air Force Court of

Military Review in *United States v. Matthews*, 19 M.J. 707 (A.F.C.M.R.1984), *petition denied*, 20 M.J. 146 (C.M.A.1985). *See also* joint CMR Rule 11(a)(3), promulgated in 1985.

have considered these matters as analogous to those asserted personally by an appellant and reviewed them as we would be obliged to under *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). We find these matters to be without merit. In addition, we do not see other potential errors.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI concur.