UNITED STATES, Appellee,

v.

Private E1 Richard J. DEIFER,
191–50–3609, United States
Army, Appellant.

ACMR 8901755.

U.S. Army Court of Military Review.

25 May 1990.

For Appellant: Captain James K. Love-joy, JAGC (argued), Lieutenant Colonel Russell S. Estey, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Captain James K. Reed, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

Pursuant to the appellant's pleas, the military judge at a special court-martial found him guilty of conspiracy to unlawfully possess and introduce (onto a military installation) cocaine, absence without authority from his unit for over ten months until apprehended, and wrongful use of cocaine, in violation of Articles 81, 86, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, and 912a (1982 & Supp. V 1987). The military judge sentenced him to a bad-conduct discharge, confinement for five months, and forfeiture of $100.00 pay per month for six months. Pursuant to a pretrial agreement, the convening au-

thority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for fifty days, and forfeiture of $100.00 pay per month for two months. The appellant spent fifty-seven days in pretrial confinement.

The appellant contends that he was denied the effective assistance of counsel because he and an accused involved in the same drug transactions were represented at trial by the same defense counsel. We find that the appellant had the required benefit of counsel and that he was effectively represented at trial.

During the morning of the appellant's trial, his trial defense counsel informed him that he would represent the appellant's compatriot on the same day to expedite his friend's trial. Appellant's counsel stated that he saw no real conflict of interest so long as both cases were tried as guilty pleas as had been negotiated independently by each accused's detailed counsel. The appellant voiced no objection, and thought it was good that his compatriot would also be released from confinement the same day, which would in fact be the day of trial.

■ The trial defense counsel informed the military judge in chambers of the purported arrangement; but, neither he nor the trial defense counsel performed their duty to raise on the record the matter of possible conflict of interest and resolve it. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 901(d) discussion; *United States v. Breese*, 11 M.J. 17 (C.M.A.1981) (rebuttable presumption of conflict of interest when multiple representation and military judge did not conduct a suitable inquiry into a possible conflict). The government concedes that failure to query counsel and the accused about a possible conflict created a rebuttable presumption that there was an actual conflict of interest. We find that the government's position is correct even though this was not a joint trial. *See United States v. Devitt*, 20 M.J. 240, 243 (C.M.A.1985). In *Devitt*, a real conflict of interest was defined as existing whenever "one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing." *Id.* at 244, (quoting from *Foxworth v. Wainwright*, 516 F.2d 1072, 1076 (5th Cir.1975)).

■ From the record of trial and affidavits submitted, we find the presumption of a conflict of interest dispelled. The appellant did not stand to gain significantly by his trial defense counsel's presenting any evidence that would have put his compatriot in a worse light, arguably placing appellant in a more favorable light. From our review of the entire record, the appellant realistically would have been sentenced to a sentence at least as great as that adjudged and that approved, even had any more evidence damaging to his compatriot been presented.

■ There is no apparent reason why any competent counsel would ever have advised the appellant to approach this case any differently regarding motions, pleas, negotiated sentence, or presentence phase of the case. Thus, even if the trial defense counsel should not have indicated to the appellant that the only way his friend would be free from confinement that day was if both accused maintained their guilty pleas, no harm at all resulted to the appellant. *See United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Indeed, it can be argued that counsel was only doing his job to ensure his client knew all the options and consequences.

■ Our conclusion of no harm to the appellant includes consideration of the fact that neither the military judge nor the trial defense counsel, on the record, assured that the client really understood the effects of a bad-conduct discharge, and that he wanted the trial defense counsel to argue for such a discharge. However, the sentence adjudged and that approved would have been at least this severe in any event despite trial defense counsel's argument. Hence, no prejudice occurred. *See United States v. Kadlec*, 22 M.J. 571, 573 (A.C.M. R.1986). While we find the argument logical only if one concludes that the appellant requested it (now, by affidavit, he denies

that he requested the argument), that concern fades in this case; in fact, the appellant correctly and appropriately was going to receive a bad-conduct discharge in this case. Moreover, he implied in his sworn testimony during the presentencing phase that he desired immediate separation from the Army. He testified that his request for administrative separation had been denied; accordingly, he must have been suggesting that he receive a bad-conduct discharge. *See United States v. McNally*, 16 M.J. 32, 33 (C.M.A.1983). Unlike the facts in *McNally*, a bad-conduct discharge was inevitable here.

█ We note that questions of multiple representation should be resolved on the record in every case, regardless of how remote a conflict may appear. Our professional standards and the integrity of the court-martial process require advocacy with full zeal and loyalty of trial defense counsel. Assurance that those standards were met was relatively easy here because of all the key determinations made before trial and discernible from the entire record. But we urge military judges and counsel not to take the risk in another set of cases that a presumed conflict of interest could be dispelled after the trial.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.